F. G. VAUGHAN ET AL. v. SOUTHWESTERN SURETY INSURANCE CO.

No. 3065. Decided December 11, 1918.

**Death—Employer's Liability Act—Beneficiary of Deceased.**

The Employer's Liability Act of 1913 (Act of April 16, 1913, Laws, 33d Leg., p. 429, Pt. 1, sec. 8), provided that compensation for death of any employe should be apportioned "according to the law providing for the distribution of other property of deceased." The law so referred to was plainly the statute of descent and distribution (Rev. Stats., arts. 2461, et seq.), and not that governing recovery in actions for injuries resulting in death (Rev. Stats., art. 4698). This ruling applies to the original Act of 1913; not to the amendment of 1917, which especially designated the beneficiaries. (Pp. 299-301.)

Error to the Court of Civil Appeals for the Ninth District in an appeal from Jefferson County.

Ed Blood, an unmarried man, was killed by accident while in the employ of the Merrimac Oil Company. That corporation had entered into a contract with the Southwestern Surety Insurance Company for the compensation of its employes for accidental injuries, under the terms of the Employers' Liability Act of April 16, 1913. Deceased left no parent or child surviving, his heirs being two brothers and two sisters. Vaughan as attorney for the heirs filed suits in the County and Justice Courts to recover the weekly installments, 60 per cent of his average weekly earnings, due the beneficiaries under that Act. This action was in the District Court by the insurance company to restrain the claim-

ants, their attorney, and the judges by injunction from proceeding with their suits.   Plaintiff asserted that the claimants were not beneficiaries under the Act, the parties entitled to compensation thereunder being those designated by the statute relating to injuries resulting in death (Rev. Stats., art. 4698) and not the legal heirs of deceased as fixed by the statute governing descent and distribution.   Also, that this Act gave but one right of action, and that for the value of the aggregate of the weekly payments secured by it.   This amount was agreed to be $4536.   The facts were admitted and the cause turned on the determination of the question whether the claimants were the beneficiaries of the compensation secured by the Act.   The judgment was in favor of the insurance company, and this was affirmed by the Court of Civil Appeals on error prosecuted by the defendants.   They thereupon procured writ of error from the Supreme Court, on the ground of error in substantive law in the ruling.

*C. W. Howth, F. G. Vaughan,* and *W. A. Williams,* for plaintiffs in error.—The term or phrase "legal beneficiary" (or beneficiaries) as used in the said article of the statute, known as the Employers' Liability or Compensation Law, is equivalent to and identical with the term or phrase "legal heirs," as provided for under article 2461 of Vernon's Sayles' Texas Civil Statutes, 1914, and particularly section 3 thereof, which provides, "if there be neither father nor mother, then the whole of such estate (of decedent) shall pass to the brothers and sisters of the intestate, and to their descendants.   Art. 5246kk, chapter 5, title 77, Vernon's Sayles' Texas Civ. Stats., 1914; art. 2461, and especially section 3 thereof, title 45, Texas Sayles' Civil Stats., 1914; art. 5246i, Vernon's Sayles' Statutes; art. 5246l, Vernon's Sayles' Stats.; art. 4698, Vernon's Sayles' Civil Stats.; art. 6648, Vernon's Sayles' Civil Stats.; Black's Law Dictionary (1891), p. 699, definition of "legal heirs"; LaBatt's Master & Servant, 2nd ed., vol. 5, secs. 1828, 1826, 1930, 1831.

*Andrews, Streetman, Burns & Logue,* for the defendant in error.— There was no error in the court's action in this cause, since, as a matter of law, brothers and sisters are not included within the meaning of the language of the "Texas Workmen's Compensation Act" providing for compensation to the "legal beneficiaries" of a decedent.

Arguments were also filed in support of the positions of the plaintiffs in error by *McDonald Meacham, W. W. Meacham, Jr., Woods, King & John, McDonald & Wayman,* and *Cole & Cole,* attorneys in other cases involving the same question.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.
In fixing the compensation to be paid for injury to an employe of a subscribing employer, sustained in the course of his employment and resulting in death, the Workmen's Compensation Act of 1913 omitted

any express designation of the beneficiaries entitled to receive the compensation. It merely declared (section 8) that it should be paid to "the legal beneficiary" of the deceased employe, with a proviso in the following language:

"Provided, that the compensation herein provided for shall be distributed according to the law providing for the distribution of other property of deceased."

The question here is, how shall the beneficiaries in such cases be determined,—by the law of descent and distribution, or the law governing the recovery of damages for negligent or wrongful injury resulting in death—the death injury statute, article 4698?

The Act was amended in this particular in 1917 by expressly naming the beneficiaries. This case arises under the original Act.

The solution of the question is found in the proviso. It says that the compensation shall be distributed "according to the law providing for the distribution of other property of the deceased." Interpretation can add nothing to the clearness of this language. It means the law governing the distribution of the decedent's property, not a law authorizing the recovery of damages by certain kindred as their property. The only law we have regulating the distribution of the property of an intestate decedent is that comprised by our statutes of descent and distribution. That is plainly the law referred to. It is, in effect, made a part of the Act.

It is urged, however, that at all events the proviso only means that the compensation shall be apportioned according to that law, and that the beneficiaries among whom it is to be thus allotted are to be ascertained from the death injury statute. The Act in nowise relates the subject to that statute by any express provision. If it determines the beneficiaries under the Act, it is wholly by implication.

Upon what theory the death injury statute, to the exclusion of another relevant law, is for this purpose by mere implication to be read into the Act, we have some difficulty in perceiving. If it be on account of any supposed analogy—and no other ground can well be advanced,— it is to be observed that the Act, in respect to injuries sustained by those to whom it applies, was intended to entirely supplant that statute as to all actual damages thereunder recoverable. Its purpose was to work in such cases a distinct change in the law. Its provision for the compensation allowed is founded upon a different theory. The compensation itself is determined by another method. Under the death injury statute actual damages were not recoverable unless pecuniary loss to the plaintiffs was shown. Under the Act, the compensation allowed the beneficiaries entitled is absolute, regardless of whether they have sustained any such loss.

With the entire scheme of the death injury statute in its application to all such cases thus entirely abandoned, in the absence of any express provision the reasonable presumption is that the Legislature did not intend it to govern the operation of the Act in any particular. Cer-

tainly it should not, by mere implication, control its operation in this particular, as against a law to which the subject is by the Act expressly related.

If the contrary be held and the beneficiaries be thus determined, no rule would be afforded for the apportionment of the compensation. The death injury statute is silent on the subject. All damages recoverable under it must be allotted by a court or jury. The law of descent and distribution, in such event, would have to be consulted for the apportionment, since the Act, except in its reference to that law, makes no provision in that regard. Under such construction, the operation of the Act would, in this one particular, be related to two other distinct laws, one for determining the persons entitled to the compensation, and another the proportion of their respective shares. Under the terms of the Act such a purpose is not to be imputed to the Legislature in its adoption.

Apart from these considerations, this construction denies to the language of the proviso its natural effect. Its plain requirement is that the compensation shall be distributed according to the law of descent and distribution. The clause contains no qualifying expression, and no limitation upon the full operation of such law is imposed. It therefore means that the distribution shall be in all respects in accordance with that law. A distribution could not be made "according to" that law unless the law were given full effect—not merely a part of it, but all of it. Giving it such effect, it necessarily determines not only the apportionment, but the person entitled to the property.

In the face of the plain provision of the Act we are not at liberty to speculate upon the intention of the Legislature in its enactment. Nor is it necessary that we attempt to reconcile any inconsistencies that its operation may entail. The wisdom of the Act is not a judicial question. The argument that it may allow certain kindred of the deceased employe to share in the compensation who were denied any right of action under another statute, can not prevail over its express terms. It may in this respect operate unfairly, but that was for the determination of the Legislature. As is said by a competent authority, the remedy for a harsh law is not judicial interpretation, but its amendment or repeal.

The judgments of the District Court and Court of Civil Appeals are reversed, and since the case is here upon an agreed statement, judgment will be rendered for the plaintiffs in error for the amount stipulated in the statement with legal interest.

*Reversed and rendered.*