### TEXAS EMPLOYERS' INS. ASS'N v. BOUDREAUX et al.   (No. 234—3417.)

(Commission of Appeals of Texas, Section A. June 1, 1921.)

**1. Master and servant ☞386(5)—Statutes of descent looked to in apportioning compensation among dependents.**

The statutes of descent and distribution (Rev. St. 1911, arts. 2469, 2462) must be looked to for a rule by which to apportion compensation among dependents for the death of a servant under the Workmen's Compensation Act, pt. 1, § 8a, as added by Laws 1917, c. 103 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—15).

**2. Constitutional law ☞70(3)—Courts not concerned with wisdom of legislative enactment.**

The courts are not concerned with the wisdom of the plan adopted by the Legislature in apportioning compensation under the Workmen's Compensation Act, as amended by Laws 1917, c. 103 (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1–5246—91), to the dependents of a deceased servant.

**3. Master and servant ☞388—Compensation for death payable directly to dependents.**

Compensation awarded under the Workmen's Compensation Act, as amended by Laws 1917, c. 103 (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1–5246—91), for death of a servant is neither the community nor separate property of the deceased, and does not pass to the estate of the deceased to be administered upon, but is payable directly to those to whom it is awarded.

**4. Master and servant ☞386(1)—Compensation for death arises out of contractual relation and is in lieu of damages.**

Compensation for death of employé under the Workmen's Compensation Act, as amended by Laws 1917, c. 103 (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1–5246—91), arises out of the contractual relation between the employer and the deceased employé, and is in substitution for damages ordinarily recovered by statute because of the death of the employé due to the negligence of the employer.

**5. Master and servant ☞386(5)—Compensation for death distributed as community property.**

Where husband and father is killed in an accident, compensation under the Workmen's Compensation Act, as amended by Laws 1917, c. 103 (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1–5246—91), partakes more nearly of community than of separate property, and should be distributed according to the statute of descent and distribution applicable in distributing community property, one-half going to the wife and one-half to the children, under Rev. St. 1911, art. 2469.

**6. Master and servant ☞418(6)—Court's findings on question of lump sum compensation reviewable.**

District court's findings upon question of whether judgment in a compensation proceeding should be rendered in a lump sum are findings of fact and subject to be reviewed on appeal to the Court of Civil Appeals the same as other fact issues are subject to review, under Workmen's Compensation Act, as amended by Laws 1917, c. 103, pt. 1, §§ 15, 18, and part 2, § 5 (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—33, 5246—37, 5246—44).

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Proceedings under the Workmen's Compensation Act by Mrs. Regina Boudreaux to obtain compensation for the death of her husband, opposed by the Gulf Production Company, subscriber, and the Texas Employers' Insurance Association. From a judgment of the Court of Civil Appeals (213 S. W. 674) affirming an award of compensation, the Insurance Association brings error. Judgment of Court of Civil Appeals reversed, and cause remanded to that court for a review of findings and the conclusion of trial court with respect to whether case was one calling for a lump sum award and for further orders.

Harry P. Lawther, of Dallas, for plaintiff in error.

Crook, Lord, Lawhon & Ney, of Beaumont, and Gremillion & Smith, of Crowley, La., for defendants in error.

TAYLOR, P. J. The Gulf Production Company was a subscriber to the Employers' Liability Act, as amended in 1917 (Acts 1917, c. 103 [Vernon's Ann. Civ. St. Supp. 1918, §§ 5246—1–5246—91]), and carried a policy of insurance with the Texas Employers' Insurance Association. Israel Boudreaux was in the employ of the production company and was covered by the policy. Boudreaux sustained injuries while so employed which resulted in his death. The deceased left surviving him a wife and three children, two of whom were minors. The other was a married daughter, neither a minor nor dependent upon the father for support.

The Industrial Accident Board found that the wife and two minor children were entitled to receive as compensation under the act the weekly sum of $11.15; that the attorneys representing the beneficiaries were entitled to receive for their services 15 per cent. of the first $1,000 to be paid the beneficiaries by the insurance association and 10

per cent. of the remainder. The Board further found that the amounts to be paid both the beneficiaries and the attorneys should be paid in weekly instalments as they accrued. An award was made by the Board in accordance with the findings.

The insurance association, plaintiff in error, brought this suit to set aside the award of the Board. Trial was before the court without a jury, and resulted, in part, in the court's setting aside the award. Judgment was rendered, however, against the association; but the award, instead of being made payable in weekly benefits, was made payable in a lump sum, on the ground that the case was a special one in which manifest hardship and injustice would result unless the compensation was required to be so paid.

The judgment was for $3,446.75, one-third to be paid the attorneys representing the beneficiaries, and two-thirds to be paid the beneficiaries. Under the terms of the decree one half of the amount awarded the beneficiaries was made payable to the widow of the deceased, and the other half, to the two minor children in equal parts.

There were two assignments of error in the Court of Civil Appeals; First, that the trial court erred in adjudging the case a special one where hardship would, result from paying the compensation in weekly instalments rather than in a lump sum; second, that the court erred in distributing the amount awarded the wife and minor children in the proportion of one-half to the wife and one-fourth each to the two children, rather than equally among the three.

The Court of Civil Appeals overruled the assignments, under the view that the compensation awarded defendants in error was distributed as required by the terms of the act; and under the further view that the findings and conclusions of the trial judge as to whether compensation should be paid in a lump sum were final and conclusive, and not subject to be reviewed on appeal. 213 S. W. 674.

The assignments of error contained in the application for the writ are that the Court of Civil Appeals erred in overruling the assignments set out, substantially, above.

Plaintiff in error points out, in connection with its contentions made under the assignment relating to the distribution of compensation, that title to the compensation does not come to the beneficiaries by inheritance from the deceased, but vests in them originally; that the act names the beneficiaries and provides that they alone shall receive compensation; that no provision is made in the act for the payment of a greater proportion of compensation to one beneficiary than to the other; that the act makes no reference to either separate or community property or to different degrees of relationship to the deceased, or to the whole blood or half blood, or to bastards, such as is made in the

statutes of descent and distribution; that it includes among the beneficiaries named stepmothers, who are not named in those statutes; and insists that by reason of the matters pointed out the compensation awarded the beneficiaries should be distributed among them equally.

The effect of the contention made is to place an unwarranted limitation upon the office of the statutes of descent and distribution in the administration of the act. It is true that the provision of the act naming the classes of beneficiaries both modifies and limits the operation of the statutes, but to such extent only as arises from the fact that not all of those designated as heirs in the statutes are designated as beneficiaries under the act, and from the further fact that one class, stepmothers, is designated by the act that is not named in the statutes.

In the original draft of section 8a, besides the surviving husband and wife, only dependent parents, dependent children, and dependent brothers and sisters of the deceased employé were designated as beneficiaries. By amendment adopted while the section was under consideration, two other classes of beneficiaries were added, dependent grandparents and dependent stepmothers. House Journal, 35th Legislature, p. 1082.

[1, 2] It is not necessary to decide what the proper rule of distribution would be in a case in which a stepmother is claimant as a beneficiary. Suffice it to say in this case that the amendment, merely adding, as it does, a class of beneficiaries not known to the inheritance statutes, did not have the effect of changing the original plan of the act with respect to the distribution of compensation. Whether the beneficiaries designated stand in different degrees of relationship to the deceased employé, or whether some be of whole and some of the half blood, or whether the beneficiaries are identical with the heirs of the deceased employé, the statutes of descent and distribution must be looked to for a rule by which to apportion the compensation. The courts are not concerned with the wisdom of the plan. No other is provided by the act, and no modification of the full operation of the statutes as rules of apportionment is warranted by the provisions of the act, other than the modification incident to the designation of classes of beneficiaries not identical with the classes of heirs designated in the statutes.

The beneficiaries to whom the compensation was awarded in this case are the surviving widow and two minor children of the deceased. As the wife and children (in the event they were the only survivors of the father) would take as heirs and distributees under the statutes, so do they partake as beneficiaries of the compensation awarded. The extent of the modification of the inheritance rule in this case is that the married daughter, an heir of the deceased under

the statutes, does not partake of the compensation, not being designated a beneficiary by the act.

[3] The statutes of descent and distribution furnished one rule for distributing the community estate of a deceased husband to his surviving wife and children, and another for distributing among them his separate estate. Articles 2469 and 2462, R. S. 1911. The compensation awarded in this case is neither the community nor separate property of the deceased. It does "not pass to the estate of the deceased to be administered upon," but is payable directly to those to whom it is awarded.

Some difficulty arises, therefore, in determining which statute is applicable as a rule of distribution in this case. If the statute relating to the distribution of community property is to be applied, the apportionment should be one-half to the surviving wife and one-fourth each to the two minor children; if the statute relating to the distribution of the separate property is to be applied, the apportionment should be made equally, one-third to the wife and one-third each to the two children.

[4, 5] The compensation provided by the act arises out of the contractual relation between the employer and the deceased employé. When awarded for death of the employé, it is in substitution for damages ordinarily recovered by statute because of the death of the employé due to the negligence of the employer. Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S. W. 556. It is measured by the current wages of the deceased, and is to all practical purposes to supply to his beneficiaries the means of support which were afforded by his wages prior to his death. Its payment is provided for "from week to week as it accrues," except in special cases. The right of the deceased to have compensation paid his beneficiaries in case of his death was acquired by him during coverture. His wages flowing from his contract of employment under which he was working at the time of his death were community property. The compensation measured by his community wages and having its source, as it were, in the same contract of employment, partake more nearly of the nature of community than of separate property; and it should be distributed, in our opinion, according to the statute of descent and distribution applicable in distributing community property. Under this statute the apportionment provided is one-half to the wife and one-half to the children. Article 2469, R. S. 1911. Only two of the children being beneficiaries, the proportion should be, as between the wife and children, one-half to the former and one-fourth each to the latter.

The conclusion that this apportionment of the compensation should be made was reached by the Industrial Accident Board, the trial court, and the Court of Civil Appeals, and we concur therein.

[6] The Court of Civil Appeals did not review the evidence touching the question of whether judgment should have been rendered in a lump sum, being of opinion that the trial court's findings upon this question were final, and not subject to be reviewed on appeal. This holding is the basis of the complaint made in the remaining assignment of error.

Were the findings of the trial court with respect to whether the case was one calling for a lump sum settlement subject to review by the Court of Civil Appeals?

Section 18, part 1, of the act, provides that the compensation shall be paid from week to week as it accrues, unless the liability of the association is redeemed as provided elsewhere in the act.

Section 15, part 1, of the act, is as follows:

"In cases where death or total permanent incapacity results from an injury, the liability of the association may be redeemed by payment of a lump sum by agreement of the parties thereto, subject to the approval of the Industrial Accident Board hereinafter created. This section shall be construed as excluding any other character of lump sum settlement save and except as herein specified; provided, however, that in special cases where in the judgment of the Board manifest hardship and injustice would otherwise result, the Board may compel the association in the cases provided for in this section to redeem their liability by payment of a lump sum as may be determined by the Board."

The act provides further (article 5246—44, Vernon's Sayles' Statutes, 1918 Supp.) that—

"If the final order of the Board is against the association then the association and not the employer shall bring suit to set aside said final ruling and decision of the Board, if it so desires, and the court shall in either event determine the issues in such cause instead of the Board upon trial de novo and the burden of proof shall be upon the party claiming compensation. In case of recovery the same shall not exceed the maximum compensation allowed under the provisions of this act."

Under the provisions of the foregoing article the trial court had authority to determine the issues in the case, including the issue as to whether or not the compensation should be paid in a lump sum. This issue is necessarily one of fact. Facts only could make it appear whether the case is a special one.

Evidence was introduced upon this issue by defendants in error. It is not necessary to to set it out. The trial court heard the case de novo, and made its findings upon all the issues, including the issue with respect to a lump sum award. We see no reason why these findings are not subject to the same

character of review on appeal to which findings upon other fact issues are subject. The Court of Civil Appeals, in our opinion, has power to review, and should review, the findings upon the issue of a lump sum settlement. Choate v. S. A. & A. P. Ry. Co., 91 Tex. 406, 44 S. W. 69.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that the cause be remanded to that court for a review of the findings and conclusion of the trial court with respect to whether the case was one calling for .a lump sum ·award, and for further orders.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.