## DOTY et al. v. TRAVELERS INS. CO.

### C. A. No. 112.

District Court, S. D. Texas,
Houston Division.

Jan. 16, 1940.

Nichols & Bailey (H. J. Nichols), of Houston, Tex., for plaintiffs.

Baker, Botts, Andrews & Wharton, and Denman Moody, all of Houston, Tex., for defendant.

KENNERLY, District Judge.

This is a suit under the Texas Workmen's Compensation Law (Title 130, Texas Revised Civil Statutes of 1925 and Amendments. Vernon's Annotated Texas Civil Statutes, Articles 8306 to 8309) by plaintiffs, Mary Doty and her husband, James Doty, citizens of Texas, against The Travelers Insurance Company, a citizen of Connecticut, to recover compensation, alleged to amount to more than $3,000 under such law, for the death of Mary Doty's son, Elbert Spencer. It is claimed that Spencer's death was caused by an injury suffered while in the employ of the General American Tank Storage Terminals and during the course of such employment. It is claimed that defendant, The Travelers Insurance Company, was the insurer of the liability of the Storage Terminals under said law.

At the pre-trial hearing, a stipulation as to some of the facts was entered into between plaintiffs and defendant, and approved by the court. The portions thereof necessary to be considered in deciding the questions here presented are as follows:

"On June 9, 1938, and at all times material hereto, General American Tank Storage Terminals was entitled to be and was a subscriber to the Texas Workmen's Compensation Act, and on said date, and at all times material hereto, defendant had issued in accordance with the terms and provisions of the Texas Workmen's Compensation Act, a policy of Workmen's Compensation Insurance to General American Tank Storage Terminals to cover such of its employees within the State of Texas as were entitled to compensation under the law.

"On or about June 8, 1938, Elbert Spencer received injuries in the course of his employment with General American Tank Storage Terminals and defendant had actual notice of said injuries within thirty (30) days thereafter.

"On July 12, 1938, Elbert Spencer and defendant, The Travelers Insurance Company, entered into a compromise settlement agreement by the terms of which Elbert Spencer settled and compromised with General American Tank Storage Terminals and The Travelers Insurance Company all claims which he had under the Workmen's Compensation Act.

"The compromise settlement agreement above mentioned was duly submitted in accordance with law to the Industrial Acci-

dent Board and in all things approved by the Board, and thereafter Elbert Spencer executed a compromise settlement receipt and was paid by the Travelers Insurance Company the sum of Seventy-five Dollars ($75.00) in full settlement of his claims. In the foregoing proceedings, Elbert Spencer was represented by J. Leonard Gotsdiner, an attorney of Houston, Texas, of his own selection.

"Elbert Spencer was legally married to Leatha Spencer on December 20, 1937. On or about the first part of January, 1938, Leatha Spencer left and moved to Baltimore, Maryland, where she now resides. Six months after the abandonment, and on June 8, 1938, Elbert Spencer received the injuries complained of. The said Elbert Spencer was, at the time of his injury and at the date of his death, twenty-two years of age.

"Elbert Spencer also left surviving him a mother and stepfather—Mary and James Doty—, three brothers, J. D., L. B., and King, and a sister, Viola. Elbert and Leatha Spencer never had any children.

"On or about January 13, 1939, plaintiffs—Mary and James Doty—filed notice and claim before the Industrial Accident Board of the State of Texas for compensation for the death of Elbert Spencer, numbered X–20850, styled Elbert Spencer, deceased, v. General American Tank Storage Terminals, Employer, The Travelers Insurance Company, Insurer, of which claim for compensation defendant had timely notice. On February 27, 1939, the Industrial Accident Board of the State of Texas made and entered a final award on said claim for compensation in which it denied a recovery.

"On March 1, 1939, and within twenty (20) days after the final award, plaintiffs filed notice with the Industrial Accident Board of the State of Texas that they would not abide by the ruling and decision of the Board, and thereafter, within twenty (20) days after such notice of intention to appeal, plaintiffs filed this action in the District Court of Harris County, Texas, 113th Judicial District of Texas, being No. 256,108, this being the county in which the injuries were sustained. Said action was thereafter duly and legally transferred to this court by the defendant upon diversity of citizenship."

Defendant has filed a motion for judgment in its favor on the facts so stipulated. Defendant calls its motion a motion for judgment on the pleadings (Rule of Civil Procedure 12(c), 28 U.S.C.A. following section 723c, but it appears to be more akin to a motion for summary judgment (Rule of Civil Procedure 56). However that may be, the parties have agreed that the court may now determine (Rule of Civil Procedure 54) the question of whether, if defendant is liable to pay compensation, Mary Doty (the mother) may recover same, since there is a surviving wife, Leatha Spencer, and enter judgment accordingly.

1. Under the Texas Workmen's Compensation Law, all persons who are entitled to compensation thereunder are deprived of their right, whether by common law or statute, to damages for injury to or the death of the employee. Under Section 8a of Article 8306 of the Texas Revised Civil Statutes of 1925 and amendments, and Vernon's Annotated Texas Civil Statutes, quoted in the margin,[1] the per-

---

[1] "The compensation provided for in the foregoing section of this law shall be for the sole and exclusive benefit of the surviving husband who has not for good cause and for a period of three years prior thereto, abandoned his wife at the time of the injury, and of the wife who has not at the time of the injury without good cause and for a period of three years prior thereto, abandoned her husband, and of the minor children, parents and stepmother, without regard to the question of dependency, dependent grandparents, dependent children and dependent brothers and sisters of the deceased employé; and the amount recovered thereunder shall not be liable for the debts of the deceased nor the debts of the beneficiary or beneficiaries and shall be distributed among the beneficiaries as may be entitled to the same as hereinbefore provided according to the laws of descent and distribution of this State; provided the right in such beneficiary or beneficiaries to recover compensation for death be determined by the facts that exist at the date of the death of the deceased and that said right be a complete, absolute and vested one. Such compensation shall not pass to the estate of the deceased to be administered upon, but shall be paid directly to said beneficiaries when the same are capable of taking, under the laws of this State, or to their guardian or next friend, in case of lunacy, infancy or other disqualifying cause of any beneficiary. The compensation provided for in this law shall be paid weekly to the beneficiaries herein specified, subject to the provisions of this law."

sons who are entitled to compensation under such law in case of the death of an employee are named. They are the surviving husband or wife, the minor children, the parents, the grandparents, and others. It is also provided in that section that compensation shall be distributed among such persons "according to the laws of descent and distribution" of Texas, and this has been held to mean according to the law of descent and distribution of community property. Texas Employers' Ins. Ass'n v. Boudreaux, Tex.Com.App., 231 S.W. 756, 758. So that (there being no children) the wife, Leatha Spencer, is entitled to compensation (if payable) to the exclusion of plaintiff, the mother, if she (the wife) is not deprived of it by other provisions of Section 8a.

■ It has been stipulated that the wife, Leatha Spencer, abandoned Spencer in January, 1938, prior to the injury which it is claimed resulted in his death, and, of course, prior to his death. But such abandonment was not for a period of three years prior to either the injury or his death, as provided by Section 8a. Defendant contends, therefore, that if any compensation is payable, it is payable to the wife. Plaintiffs reply that if it be shown that the wife abandoned Spencer without good cause, she is deprived of compensation, no matter if the period of abandonment be less than three years. The precise question does not seem to have been decided by Texas Courts, but I think defendant's contention must be upheld.

Since the wife is by this law deprived of all of her rights to damages for the death of her husband, the Legislature was not content to say that if the wife abandoned her husband without good cause prior to his injury, she should be deprived of compensation. Having in mind the frequency with which marital quarrels are patched up and parties reunited even where there is good cause for abandonment, the Legislature required that such abandonment must, in order to deprive the wife of compensation, exist for a period of three years prior to the injury. In passing this statute, it is probable that the Legislature had in mind the Texas Statute making three years abandonment grounds for divorce. Article 4629, Texas Revised Civil Statutes of 1925. Vernon's Annotated Texas Civil Statutes, Article 4629.

■ Since, under the facts stipulated, if any compensation for the death of Spen-

cer is payable, the wife is entitled to it to the exclusion of the mother, and no other facts can be brought forward which would entitle the mother to it, final judgment should now, and will, be rendered for defendant.