## UNITED EMPLOYERS CASUALTY CO.
### v. DUNCAN.
#### No. 10964.

Court of Civil Appeals of Texas.
San Antonio.
May 14, 1941.

Will R. Saunders, of Dallas, Kemp, Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, and Henry D. Akin, of Dallas, for appellant.

Le Grand Woods and Kleberg, Eckhardt & Lowe, all of Corpus Christi, for appellee.

SMITH, Chief Justice.

In this Workmen's Compensation case Grover Cleveland Duncan, deceased, was the employee and United Employers Casualty the insurance carrier. The suit was brought by G. L. Duncan, decedent's brother, as an alleged dependent of the decedent under the Revised Statutes, Art. 8306, § 8a. Duncan recovered on a jury verdict, and the Casualty Company has appealed.

It seems to be conceded that the decedent lost his life as a result of accidental injuries sustained by him in the course of his employment, which gave rise to a cause of action in favor of his legal dependents for the compensation fixed by statute in such cases. The appeal is based upon the contention (1) that appellee failed to show, as he was required to do, that there was no beneficiary of the decedent higher than he in the scale of descent and distribution; (2) that the court admitted improper evidence upon that issue; (3) that there was no evidence, or insufficient evidence, to show appellee's dependency upon the de-

cedent, and that improper evidence was admitted upon that issue; (4) that the word "dependent" was incorrectly defined in the court's charge; (5) that the court erred in overruling appellant's motion for continuance.

It appears that the case was submitted to the jury upon only three special issues, in answer to which the jury found, first, that the decedent's average weekly wage was $20; second, that the appellee was dependent upon the decedent for support, under the court's definition of "dependent"; and, third, against a lump sum award. The court awarded to appellee the compensation fixed by statute, and no complaint is made of the amount of the award. It seems neither party requested the submission of any other issues, and none was submitted.

In its first proposition appellant contends that appellee did not meet the burden of showing and eliciting a jury finding that decedent left no heirs who would have a better statutory right than appellee to compensation for decedent's death. The pertinent statutory provision is that in case of accidental death of the employee the insurance carrier shall pay the compensation therein provided for to "the legal beneficiaries" of the deceased employee (Art. 8306, § 8), and that such compensation shall be "for the sole and exclusive benefit of the surviving * * * wife who has not at the time of the injury without good cause and for a period of three years prior thereto, abandoned her husband, and of the minor children, parents and stepmother, without regard to the question of dependency, dependent grandparents, dependent children and dependent brothers and sisters of the deceased employe; and the amount recovered thereunder shall * * * be distributed among the beneficiaries as may be entitled to the same as hereinbefore provided according to the laws of descent and distribution of this State; provided the right in such beneficiary or beneficiaries to recover compensation for death be determined by the facts that exist at the date of the death of the deceased and that said right be a complete, absolute and vested one. * * *" Art. 8306, § 8a.

Under the proviso that compensation for the death of a deceased employee shall be distributed to the beneficiaries in accordance with our laws of descent and distribution, it is obvious that if the decedent was survived by a wife who had not previously abandoned him without cause for the stated period, or if he was survived by minor children, then appellee would be cut off by their claims. That is to say, specifically with reference to this case, if decedent was survived by his wife and no children, she would be entitled to all; if survived by wife and children she would take one-half, and the children one-half, in equal shares. Art. 2578, R.S.1925; Vaughan v. Southwestern Surety Ins. Co., 109 Tex. 298, 206 S.W. 920; Texas Employers' Ins. Ass'n v. Boudreaux, Tex.Com.App., 231 S.W. 756; Southern Surety Co. v. Weaver, Tex.Com.App., 273 S.W. 838.

In this case appellee's right to compensation must rest not only upon necessary allegation and proof that he was a surviving brother of decedent and dependent in whole or in substantial part upon him, but that his deceased brother was not survived by those in a higher statutory classification with preferential rights over him to the compensation provided by statute in such cases; that is to say, that neither wife nor minor children survived the decedent. And the burden rested upon appellee to both allege and prove those facts as a condition to his recovery. 45 Tex. Jur. p. 809, § 295; Texas Employers' Ins. Ass'n v. Mints, Tex.Civ.App., 10 S.W.2d 220.

Appellant questions the sufficiency, competency and admissibility of the evidence upon the issue of whether the decedent was survived by a legal wife, but for the purpose of this decision we adopt the premise that although appellee did not efficiently allege the essential facts, he did negative such survivorship, by evidence. But appellee did not attempt or pretend to show by any allegation or evidence that the decedent was not survived either by minor or adult children. In the absence of such showing appellee was not entitled to the statutory compensation for the death of his brother. If he is entitled to such award, it is only by virtue of the statute, to be recovered only by the procedure prescribed by the statute, and having failed to bring himself within the plain requirements thereof, he was not entitled to the judgment rendered in his behalf, which must be reversed.

Appellant raises other questions, particularly stressing its contention that the verdict of the jury upon the issue of dependency was without support, or sufficient support, in the evidence. While the testimo-

ny upon that issue is not satisfactory, to say the least of it, we will not now decide its sufficiency, but leave the question open, in view of another trial. This is not a case for rendition.

The judgment is reversed and the cause remanded.