

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

April 15, 1966

Mr. J. Manley Head
Executive Secretary
Texas Board of Chiropractic
  Examiners
819 Littlefield Building
Austin, Texas

Opinion No. C- 659

Re: Whether Sec. 9 of Art.
    4512b, V.C.S., can be
    construed so as to grant
    a license upon the passing
    of the examination of the
    National Board of Chiro-
    practic Examiners, without
    compliance with the law
    regarding reciprocity so
    far as other states and
    territories are concerned
    and related question.

Dear Sir:

Your opinion request raises, in essence, the two follow-ing questions:

"1. Can Section 9 of Article 4512b, V.C.S.,
be construed to allow the granting of a Texas
license upon the passing of the examination
conducted by the National Board of Chiropractic
Examiners, without compliance with the law re-
garding reciprocity so far as other states and
territories are concerned.

"2. If answer to #1 is "yes"; does this
eliminate the requirements of Section 10 of
Article 4512b with reference to examinations?"

Article 4512b controls the licensing and other phases
of chiropractic practice in this State.

Section 9 of Article 4512b is quoted, in part, as
follows:

"The Texas Board of Chiropractic Ex-
aminers shall upon payment by an applicant of
a fee of Fifty Dollars ($50), grant license to
practice chiropractic to licentiates of other
states or territories having requirements and

practices equal to those established by the laws of this State. Applications . . .shall be in writing and upon a form . . .prescribed by . . .Texas Board of Chiropractic Examiners . . .applications shall be accompanied by a license . . .lawfully issued . . .by some other State or territory . . .also . . .accompanied by an affidavit . . .by president or secretary of the Board . . .which issued the said license . . .reciting that the accompanying license has not been cancelled or revoked.. . ." (Emphasis added)

Section 10 of Article 4512b provides in part:

"All applicants for license to practice chiropractic in this State, not otherwise licensed under the provisions of this law, must successfully pass an examination by the Texas Board of Chiropractic Examiners established by this law. . . ." (Emphasis added)

Nothing is said in Sections 9 or 10 (above) concerning applicants who have passed the National Board examinations. Clearly the Legislature included, under these Sections, all applicants from other states and territories outside of Texas. The language used in Sections 9 and 10 is plain and unambiguous in its meaning and in such case the law will be applied and enforced as it reads, regardless of policy, fairness or justice of its effects. Gilmore v. Waples, 108 Tex. 167, 188 S.W. 1037 (1916); Vaughn v. Southwestern Surety Insurance Co., 109 Tex. 298, 206 S.W. 920 (1918); Simmons v. Arnim, 110 Tex. 309, 220 S.W. 66 (1920); Gately v. Humphrey, 151 Tex. 588, 254 S.W.2d 98 (1952).

In Attorney General's Opinion No. V-265 (1947), it was decided that the State Board of Nurse Examiners was not authorized to delegate to the National League of Nursing Education (National Board) the right to prepare and grade examinations for Texas registered nursing applicants. The reason for such decision was based on the fact that the Legislature had given this duty to the State Board and the Board was not statutorily authorized to re-delegate this duty.

Subsequently, this office decided that the State Nursing Board could adopt and utilize examination questions prepared by the National League of Nursing Education. Attorney General's Opinion No. V-736 (1948).

Both of these prior opinions emphasize the duty that the various State examining boards have to regulate the various professions, and ascertain the fitness of all applicants by applying the various laws with such rules and by-laws necessary to carry into effect the purpose of the law. In other words, both of the prior opinions imply that the State examining boards must make the final determination of all applicants, whether licensed by another state and regardless of whether they have passed the national examinations, before issuing a Texas license. In the case at hand, before the Chiropractic examining board could make a final determination of the applicants' fitness, the requirements of Section 9 of Article 4512b (Reciprocity requirements) would have to be complied with for applicants subject to Section 9.

> "There are many statutes which provide for the issuing of a license in Texas to those licensed to practice the same profession in other states which have requirements equal to those of Texas. . . .It has always been the purpose of the Legislature to increase the standard of the profession and to require higher educational attainments.

> "It cannot be assumed that the Texas Legislature intended to require less educational attainment by citizens of other states than was required of the citizens of Texas in order to be licensed to practice in Texas." Texas State Board of Pharmacy v. Baker, 244 S.W.2d 934 (Tex. Civ.App. 1951, error ref.) . (Page 936-937).

It is our opinion that question number one must be answered in the negative. Passage of the National Board examinations does not exempt one from complying with the statutory requirements of reciprocity.

Question number two must be answered in the negative. Taking and passing of the National Board Examination does not exempt one from complying with Section 9 (reciprocity requirements) or complying with Section 10 (examination requirements) to obtain a Texas license to practice chiropractic.

### S U M M A R Y

Section 9 of Article 4512b, Vernon's Civil Statutes, should not be construed to allow the granting of a Texas license upon the passage of

the examination conducted by the National Board of Chiropractic Examiners without complying with the law of reciprocity so far as other states and territories are concerned.

In order to obtain a Texas license to practice chiropractic, it is immaterial whether an applicant has passed an examination conducted by the National Board of Chiropractic Examiners.

An applicant must comply with either Section 9 or Section 10 of Article 4512b in order to obtain a Texas license to practice chiropractic.

Very truly yours,

WAGGONER CARR
Attorney General

By: James C McCoy

James C. McCoy
Assistant

JCMcC:ml:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Lonny Zwiener
John Banks
Robert E. Owen

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright