OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

May 26, 1999

The Honorable Michael P. Fleming
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002-1891

Opinion No. JC-0055

Re: Whether the Harris County Auditor must audit the Harris County Department of Education; reconsideration of Letter Opinion No. 93-83 (1993) concerning reimbursement of county for expense of audit (RQ-991)

Dear Mr. Fleming:

You ask whether the Harris County Auditor must audit the Harris County Department of Education (hereinafter "the Department") annually pursuant to article 2919g-1 of the Revised Civil Statutes. This question was left open in Attorney General Letter Opinion No. 93-83, which concluded that the Department must reimburse the county for the expense of each audit, but did not advise "whether the county should in the future continue to provide audit services, with reimbursement, or simply stop providing the services." We conclude that the statute requires the county auditor to audit the Department annually. We also reconsider the conclusion of Attorney General Letter Opinion No. 93-83, and conclude that the Department is not required to reimburse the county for each audit.

The Harris County Department of Education is one of the relatively few county school administrations still existing in Texas. State funding for county school boards and county school superintendents ended on December 31, 1978, except in counties with common school districts and rural high schools. The offices of county school superintendent, ex officio county school superintendent, and the county school boards were terminated in counties not receiving state funding unless they were supported by ad valorem tax revenue generated under former chapter 18 of the Education Code or by voluntary contract with the independent school districts of the county. TEX. EDUC. CODE ANN. tit. 2 app. §§ 17.94-.99 (Vernon 1996);[1] see Tex. Att'y Gen. Op. Nos. JM-651 (1987), H-1205 (1978), H-1104 (1977).

The Department is governed by former chapter 17 of the Education Code and is supported by ad valorem tax revenue collected pursuant to former chapter 18 of the Education Code, which provides for the "county unit system" of taxation. TEX. EDUC. CODE ANN. tit. 2 app., chs. 17 & 18

---

[1] Act of May 21, 1975, 64th Leg., R.S., ch. 478, § 1, 1975 Tex. Gen. Laws 1275 (adopting TEX. EDUC. CODE ANN. §§ 17.94-.99).

(Vernon 1996) (Former Chapters with Continued Application). Chapter 18 permits the voters of a county to create a countywide school district to adopt a countywide equalization tax for the maintenance of the public schools. *Id.* § 18.01. Although chapters 17 and 18 of the Education Code have been repealed, a county school administration system operating under those chapters on May 1, 1995, "may continue to operate under the applicable chapter as that chapter existed on that date." TEX. EDUC. CODE ANN. § 11.301 (Vernon 1996) (preserving to a limited extent 17, 18 and certain other chapters of the Education Code repealed by the 1995 amendments to title 2 of the Education Code).[2] You state that the Harris County Department of Education provides support services to the twenty-four independent school districts in Harris County and that the Department receives state and federal funds, as well as funding from local taxes.

You specifically ask whether the Harris County Auditor must audit the Department pursuant to article 2919g-1 of the Revised Civil Statutes[3] even though it is audited by an independent outside auditor. Article 2919g-1 provides as follows:

> Section 1. In any counties having a population of two million (2,000,000) or more according to the last preceding federal census, the county auditor is hereby authorized and required to audit all books, accounts, reports, vouchers and other records relating to all funds handled by the county department of education. The results of such audit shall be made public by the county auditor.

> Sec. 2. .... The county auditor shall be reimbursed from the funds of the county department of education for all expenses incurred in performing the *first* audit. Thereafter, the county auditor shall audit such books, accounts, reports, vouchers and other records of the county department of education as often as is necessary to keep himself informed of the condition thereof, but in no case shall the interval between such audits exceed one (1) year.

> Sec. 3. The county auditor of any county to which this Act applies shall set up such methods and procedures as are necessary to conduct audits effectively. The county department of education shall comply with such methods and procedures for facilitating audits as determined by the county auditor.

---

[2]Act of May 30, 1995, 74th Leg., R.S., ch. 260, § 58, 1995 Tex. Gen. Laws 2207, 2498. Chapters 17, 18 and the other chapters subject to section 11.301 of the Education Code are found in the appendix following title 2 of the code.

[3]TEX. EDUC. AUX. LAWS art. 2919g-1 (Vernon 1999) [Act of Apr. 23, 1963, 58th Leg., R.S., ch. 87, 1963 Tex. Gen. Laws 145, 145-46, *amended by* Act of May 28, 1971, 62d Leg., R.S., ch. 542, § 113, 1971 Tex. Gen. Laws 1817, 1846, *amended by* Act of May 15, 1981, 67th Leg., R.S., ch. 237, § 82, 1981 Tex. Gen. Laws 559, 580-81].

> Sec. 4. This Act shall not be construed as precluding other government agencies or independent auditors from auditing certain funds handled by county departments of education, in counties to which this Act applies, in addition to the audit by county auditors as provided for herein. (Emphasis added).

*Id.*

Section 2 of article 2919g-1 expressly requires the county auditor to perform an annual audit of the county department of education, and section 4 makes it clear that audits by other parties do not replace the audit performed by the county auditor. In answer to your question, the Harris County Auditor must audit the Department pursuant to article 2919g-1 of the Revised Civil Statutes, even though it is audited by an independent outside auditor.

We were informed in relation to Attorney General Letter Opinion No. 93-83 that the Harris County Auditor had "always audited the books and records of the Harris County Department of Education without compensation,"[4] until a new Harris County Auditor questioned the practice of performing the audit without compensation. Attorney General Letter Opinion No. 93-83 concluded that the Department must reimburse Harris County for each annual audit, even though article 2919g-1 of the Revised Civil Statutes expressly requires reimbursement only for the expenses of the first audit. Attorney General Letter Opinion No. 93-83 based its conclusion on article III, section 52 of the Texas Constitution, which provides in part:

> Except as otherwise provided by this section, the Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever . . . .

This constitutional provision prohibits counties from making gratuitous transfers of money or any other thing of value to corporations, but it does not prohibit the use of public funds or other items of value to carry out a legitimate public purpose of the entity making the transfer. *Edgewood Indep. Sch. Dist. v. Meno*, 917 S.W.2d 717, 740 (Tex. 1995). It applies to municipal corporations as well as private corporations. *Harris County Flood Control Dist. v. Mann*, 140 S.W.2d 1098 (Tex. 1940).

In our opinion, neither article III, section 52 of the Texas Constitution nor article 2919g-1 of the Revised Civil Statutes requires the Department to reimburse the county for each annual audit. We will address the statute first.

---

[4]Letter from Dr. Shirley E. Rose, Harris County Superintendent, to Honorable Dan Morales, Texas Attorney General (Jan. 28, 1993) (on file with Opinion Committee).

Article 2919g-1 requires the Department to reimburse the county only for the county auditor's first audit of Department funds and not for subsequent audits. Section 2 of article 2919g-1 provided that the county auditor "shall, as soon as practicable, audit all such books, accounts, reports, vouchers and other records of the county department of education from the effective date of this Act back to the last preceding audit made . . . by a county auditor" and required the department to reimburse the auditor "for all expenses incurred in performing the first audit." Act of Apr. 23, 1963, 58th Leg., R.S., ch. 87, 1963 Tex. Gen. Laws 145, 146. The statute was silent as to reimbursement for subsequent audits. The legislature may have decided that the first audit would make an unusual demand on the resources of the auditor's office, so that the Department should reimburse the auditor for that, but that subsequent audits would be routine business for the county auditor and not subject to additional compensation.

If performing the audit served a legitimate public purpose of the county, it would not be a gratuitous transfer of public funds barred by article III, section 52. *See Edgewood Indep. Sch. Dist.*, 917 S.W.2d at 740. Attorney General Letter Opinion No. 93-83, however, found no county interests in auditing the Department that would support the transfer of valuable services. For example, it pointed out that the Department was a political entity distinct from Harris County and not subject to the control of the Commissioners Court of Harris County. Tex. Att'y Gen. LO-93-83, at 3; *see* TEX. EDUC. CODE ANN. tit. 2 app. § 17.21(a) (Vernon 1996) (county board of education shall constitute a body corporate, may acquire and hold real and personal property, sue and be sued, and receive bequests, donations, and other funds). It also noted that Harris County and the Harris County Department of Education occupied the same territory, stating that this relationship did not give the county an interest in the Department's business. Tex. Att'y Gen. LO-93-83, at 3. On reconsideration, however, we have determined that the county has legitimate interests in the department not addressed in Attorney General Letter Opinion No. 93-83.

County officials, particularly the county judge, have historically had substantial authority over school district affairs. 36 DAVID B. BROOKS, COUNTY AND SPECIAL DISTRICT LAW § 30.1 (Texas Practice 1989). The county's statutory authority in the area of education has been significantly reduced, and in Harris County, much of the remaining county authority is exercised by the Department. *See* Tex. Att'y Gen. Op. No. V-51 (1947) at 3 (county school trustees vested with certain duties formerly performed by commissioners court). The title to any school property belonging to the county, which had been vested in the county judge and his successors in office, "shall vest in the county school trustees or the county board of education." TEX. EDUC. CODE ANN. tit. 2 app. § 17.22 (Vernon 1996). The county school trustees or county boards of education are authorized by section 17.31(a) of the Education Code to "perform any . . . act consistent with law *for the promotion of education in the county." Id.* § 17.31 (emphasis added).

The county and the Department are both involved in handling funds that go to the public schools in the county. Funds received from the Central Education Agency are placed in the county treasury, apportioned to school districts in the county by the county school superintendent, and paid out to the school districts with the approval of the county superintendent. *Id.* § 17.73. The county depository shall "secure and handle" funds acquired through the operation of the county unit system

"in the same manner as other funds available for county school purposes." *Id.* § 17.74.  These funds are distributed by the county department of education according to the provisions of section 18.14 of the Education Code.  The county treasurer may not pay out any part of the school fund without the approval of the county superintendent.  *Id.* § 17.73(c).

The Department provides services for the benefit of the county that would otherwise be performed by the county government, and the Department and the county cooperate in handling the funds for the public school districts in the county.  This is a close question, but we believe that the county has an interest in the Department's functions sufficient to support some expenditure of county resources for oversight of the Department's finances.  Accordingly, the Department is not required by article III, section 52 of the Texas Constitution to reimburse the county for the auditor's services under article 2919g-1 of the Revised Civil Statutes.  Attorney General Letter Opinion No. 93-83 is overruled to the extent it is inconsistent with this opinion.

We note that the Department believes the audit is unnecessary and that the county would like to be reimbursed for the costs of performing it.  These are concerns to be addressed to the legislature.  *See Vaughan v. Southwestern Sur. Ins. Co.*, 206 S.W. 920, 921 (Tex. 1918).

## S U M M A R Y

Pursuant to article 2919g-1, TEX. EDUC. AUX. LAWS (Vernon 1999), the Harris County Auditor is required to audit the books of the Harris County Department of Education. Article III, section 52 of the Texas Constitution does not require the Department to reimburse the county for the costs of the audit.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General