## TEXAS EMPLOYERS' INS. ASS'N v. WYLIE et al. (No. 12144.)

Court of Civil Appeals of Texas. Fort Worth. May 11, 1929.

Rehearing Denied June 22, 1929.

Leachman & Gardere, of Dallas, for appellant.

H. T. Cooper and Claude Spratling, both of Forth Worth, for appellees.

BUCK, J. On April 4, 1928, Robert L. Wylie, an employee of the Transcontinental Oil Company of Tarrant county, while in the

course of his employment as such employee, received injuries resulting in his death. He was engaged at the time of his death in stopping a leak in a tank car, loaded with gasoline or oil, and, while he was so engaged, said car was moved and ran over him and killed him. Said Transcontinental Oil Company, hereinafter called oil company, was a subscriber in the Texas Employers' Insurance Association, hereinafter called association, and his weekly wages were $18.46 a week, and, therefore, his beneficiary or beneficiaries were entitled to $11.08 a week for 360 weeks, said last amount being 60 per cent. of his average weekly wages, as provided by the Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309). On June 18, 1928, the Industrial Accident Board of the state of Texas made and entered its final ruling and decision in the matter of Robert L. Wylie, deceased, and awarded the entire compensation to Mrs. M. C. Wylie, the mother of deceased. Wylie left a son, aged 22 years, who was married, but it appears that he was sick and dependent on his father for support. He also left a sister, unmarried, and aged about 42 years. She was also claiming to be a dependent. The Texas Employers' Insurance Association appealed from the award of the Industrial Accident Board to the district court of Tarrant county. The case was tried in the Seventeenth judicial district court of Tarrant county. The petition was filed June 9, 1928. Mrs. M. C. Wylie, the mother of deceased, Miss Mabel Wylie, the sister of deceased, and John Robert Wylie, a married son of deceased, and other relatives were made parties defendant. George Wylie, a brother of deceased, it was stated in the petition, was a resident of Bridgeport, Fairfield county, Conn. He could not be found, and was dismissed from the suit. Defendants other than Mrs. M. C. Wylie, Miss Mabel Wylie, and John R. Wylie filed a disclaimer, and were dismissed from the suit.

The trial court, the cause being tried without the intervention of a jury, gave judgment on August 24, 1928, in favor of the son, John R. Wylie, and judgment against the claims of Mrs. M. C. Wylie and Miss Mabel Wylie. The association and Mrs. M. C. Wylie and Miss Mabel Wylie excepted and gave notice of appeal to this court. Only the association has perfected its appeal.

The cause was tried upon practically an agreed statement of facts. The plaintiff below and appellant here makes no contention that the amount of the award by the district court, to wit, $3,130.89, the lump sum found by the court to be due, was not in fact due, nor do they in fact contest the fact that the beneficiaries under the law were not entitled to said judgment. But it is specially urged that at least Mrs. M. C. Wylie, the mother of deceased, is entitled to one-half, or at least a part, of said judgment. The evidence shows that she lived with her son, and that he

supported her. The evidence further shows that the mother owned a farm in Wise county consisting of 150 acres; that said farm had not been rented during the past few years, there being only 75 acres in cultivation, but that it was rented the year of the trial, though she had not yet received any rent from it. The evidence further shows that she got some $3,000 life insurance at the death of her son; that she had loaned a small part of this to her grandson for his support. The evidence further shows that Miss Mabel Wylie was probably a dependent of her brother, as she lived with him and he supported her. But, as neither she nor her mother have perfected their appeal, and are not complaining here of the judgment rendered, and appellant in its brief makes no contention that she was a dependent and entitled to a part of the award, she will not be noticed further in the discussion of this case.

### Opinion.

■ The ground of complaint is that article 8307, § 6a, Revised Civil Statutes of 1925, provides:

"Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employé may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. If compensation be claimed under this law by the injured employé or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employé in so far as may be necessary and may enforce in the name of the injured employé or of his legal beneficiaries or in its own name and for the joint use and benefit of said employé or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employé or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employé or his beneficiaries. The association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employé or his beneficiaries and the approval of the board, upon a hearing thereof."

Under this statute, the association, having paid the compensation awarded to the beneficiaries, would be entitled to a right of action against the Texas & Pacific Railway

Company, whose negligence, it is claimed, was the immediate cause of the death of the deceased, and said association could recover from the railway company at least such amount as the association had paid to the beneficiaries. It is urged that Mrs. M. C. Wylie and probably Miss Mabel Wylie were also beneficiaries under the law, and that, if suit should be filed in the name of John R. Wylie, the son and sole beneficiary under the judgment of the district court, then Mrs. M. C. Wylie and probably Miss Mabel Wylie could join in the suit and require a division of any judgment recovered; that by reason of certain facts not necessary to here mention, upon a suit by the association against the railway company in the name of John R. Wylie, or in the name of the association, in part for the benefit of John R. Wylie, as the statute provides, the part recovered for the son would not be as large as in ordinary cases, and that the right of subrogation given by article 8307, § 6a, would be impaired, if not wholly defeated; that the association could only claim the part awarded by the judgment of the court in the trial of the cause of action against the railway company, which the son would be entitled to, to the amount of the judgment in the district court in the instant case; that, if such judgments should be less than the amount paid out by the association, the right of subrogation of the association would be impaired.

The question as to whether or not the association or other insurance companies authorized under the law to insure the payment of compensation to injured employees and to beneficiaries of deceased employees has the right, under the law, to question the award of the Industrial Accident Board or of the trial court in not awarding compensation to *all* of those shown to be beneficiaries, has not, it appears, been directly passed upon by the Supreme Court of Texas or by any Court of Civil Appeals.

Article 8306, § 8a, of the Statutes, providing to whom the compensation provided for should be paid, reads in part as follows:

"The compensation provided for in the foregoing section of this law shall be for the sole and exclusive benefit of the surviving * * * minor children, parents and stepmother, without regard to the question of dependency, dependent grandparents, dependent children and dependent brothers and sisters of the deceased employé; * * * and shall be distributed among the beneficiaries as may be entitled to the same as hereinbefore provided according to the laws of descent and distribution of this State."

The trial court evidently found that John R. Wylie was the one entitled to the compensation under the laws of descent and distribution.

Article 2570, under title "Descent and Distribution," provides, in effect, that, where an intestate, leaving no husband or wife, having title to any estate or inheritance, real, personal, or mixed, shall die intestate, it shall descend and pass in parcenary to his kindred, male or female, in the following course: "To his children and their descendants." And then provides as to the distribution where there are no children and no descendants of children.

If article 8306, § 8a, means that the compensation allowed must be distributed, first to the children and their descendants named in subdivision 1 of article 2570, then the trial court properly awarded the compensation to the only son of the deceased. It is true that under the Workmen's Compensation Act it is the evident purpose of the law, to provide compensation to the families and the dependents of the deceased, and, if there was a controversy between the son and the dependent mother of the deceased, we would have another question for decision. But in this court there is no such question. In the case of Texas Employers' Ins. Ass'n v. Boudreaux, 231 S. W. 756, 757, by the Commission of Appeals, approved by the Supreme Court, it is said:

"In the original draft of section 8a, besides the surviving husband and wife, only dependent parents, dependent children, and dependent brothers and sisters of the deceased employé were designated as beneficiaries. By amendment adopted while the section was under consideration, two other classes of beneficiaries were added, dependent grandparents and dependent stepmothers. * * *

"It is not necessary to decide what the proper rule of distribution would be in a case in which a stepmother is claimant as a beneficiary. Suffice it to say in this case that the amendment, merely adding, as it does, a class of beneficiaries not known to the inheritance statutes, did not have the effect of changing the original plan of the act with respect to the distribution of compensation. * * * The courts are not concerned with the wisdom of the plan. No other is provided by the act, and no modification of the full operation of the statutes as rules of apportionment is warranted by the provisions of the act, other than the modification incident to the designation of classes of beneficiaries not identical with the classes of heirs designated in the statutes."

In Gates v. Texas Employers' Ins. Ass'n, 242 S. W. 249, by the Galveston Court of Civil Appeals, writ of error denied, the deceased, Gates, left surviving him a wife and dependent father, and the issue before the court was as to whether the father was entitled to any of the compensation. The court held that the compensation was community property of the husband and wife, and that the father was not entitled to any of the compensation, quoting with approval the Boudreaux Case, supra, and Vaughan v. Ins. Co., 109 Tex. 298, 206 S. W. 920, by Chief Justice Phillips.

In Southern Surety Co. v. Weaver, 273 S.

W. 838, 841, by the Commission of Appeals, approved by the Supreme Court, it is said:

"It seems to us that the statute under consideration is plain and subject to but one construction, and that if the stepmother had not been mentioned as a beneficiary there would never have been any question raised that the compensation should not be distributed according to the law of descent and distribution as provided. The question as to whether the dependent stepmother would be entitled to the compensation, if no others mentioned as beneficiaries were living at the time of the death of deceased, is not before us, but the mere fact that the stepmother was mentioned as one of the beneficiaries, and that the statute to that extent may be inconsistent, this apparent inconsistency should not be held to abrogate the plain provision of the statute that the compensation shall be distributed among the beneficiaries according to the law of descent and distribution."

We find one case, Texas & P. Ry. Co. v. Archer (Tex. Civ. App.) 203 S. W. 796, where the deceased was killed by a railway company under circumstances tending to show negligence on its part, and, after the insurance company had paid on behalf of the employer the compensation allowed, the widow and children and the father of deceased filed suit against the railway company for damages. The Maryland Casualty Company, which had insured the Burton Lumber Company, employer of deceased, and had paid the compensation allowed, sought to intervene in that suit and recover damages to the amount it had paid as compensation. The Dallas Court of Civil Appeals held that under the law it was not entitled to intervene, and was not entitled to any recovery. While the court quoted the statute authorizing the association, or insurance company, to recover indemnity from any other persons who would have been liable for the death of the deceased, independently of the provisions of the Workmen's Compensation Act, and, if the association had paid compensation under the terms of the Act, the association might enforce in the name of the employee, or in its own name, and for its own benefit, the liability of such other persons to the beneficiaries named in the act and who had received compensation, yet the court held that the rule of subrogation applied only to principal and surety, and that the object of the rule of subrogation is to give the paying surety all the remedies that the creditor has against the principal debtor; that neither Archer nor his beneficiaries were indebted to appellant or the Burton Lumber Company in any way; that appellant for a consideration assumed the liability of the Burton Lumber Company for the amount so paid by the Maryland Casualty Company to the survivors of deceased; that, when the casualty company insured the Burton Lumber Company, in principle it occupied the same position as a regular insurance company, and was not entitled to recover from the railway company.

We have secured copies of the briefs of appellant and appellee in the Archer Case, and find that it was predicated on the death of deceased occurring prior to the amendment of the statute entitling the association or the insuring company to recover the amount paid as compensation from any other person or corporation responsible for the death of deceased. Therefore the cited case is not pertinent here. Undoubtedly, by virtue of the subrogation provision of article 8307, § 6a, supra, if the railroad company is liable to John R. Wylie, the son, for the death of his father, then, after payment to him of the compensation so awarded in this suit, the insurance company is subrogated to his right of action against the railroad company, and is entitled to recover against that company to the same extent as it should be held liable to John R. Wylie, not to exceed the amount the insurance company has paid to him under and by virtue of the judgment in his favor in this case, as shown by the authorities already cited and Lancaster v. Hunter, 217 S. W. 765, by this court, opinion by Chief Justice Conner, and Galveston-Houston Electric Ry. Co. v. Reinle, by the Galveston Court of Civil Appeals, 264 S. W. 783, writ of error refused.

The trial court may have found that the mother of deceased, with her farm and the insurance she had received from her deceased son, was no longer a dependent, and entitled to compensation. If we should indulge every presumption which is authorized by the evidence in favor of the judgment rendered, we should presume that the trial court did so find. While the question here presented is an interesting one, and no doubt will some day be decided by the Texas courts, yet, in view of the entire evidence, we are unable to say that the trial court improperly entered judgment awarding the full compensation to the son, John R. Wylie. At least neither the mother nor the aunt of appellee is complaining in this court, and therefore the question is not presented.

We do not think 10 per cent. damages for delay should be awarded appellee, and the motion to so award is overruled.

The judgment of the trial court is affirmed.