## MARYLAND CASUALTY CO. v. CROFFORD.

### No. 6136.

Circuit Court of Appeals, Fifth Circuit.

Feb. 4, 1932.

Rehearing Denied Feb. 26, 1932.

E. H. Foster, of Amarillo, Tex., for appellant.

H. J. Yarborough, of Dallas, Tex., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

Appellee was employed by the Coltexo Gasoline Corporation as a laborer. In the course of his employment, while handing drinking water to men engaged in digging a deep trench, the edge of the trench crumbled and he fell into it, striking his back and side on a pipe being laid in the bottom of the trench. As a result he suffered a hernia and other injuries. He applied to the Industrial Accident Board for an award of compensation under the provisions of the Texas Workmen's Compensation Law, articles 8306–8309, R. C. S. 1925, as amended.

Section 12, art. 8306, provides for definite compensation for specific injuries, among which is hernia. Section 12b provides that in case of hernia, where liability exists, the insurer shall provide competent surgical treatment by a radical operation. If the employee refuses to submit to the operation, the board shall immediately order a medical examination by a physician or physicians of its own selection, who shall make a written report to the board giving an opinion as to the advisability or nonadvisability of an operation. If it appears from the report that the employee's physical condition is such as to render it not more than ordinarily unsafe to submit to such operation, and he declines to do so, he will be entitled to compensation for a period not exceeding one year. In other cases, under the general provisions of the law, the employee is entitled to compensation for a period not exceeding 401 weeks, and if totally, permanently disabled may have a lump sum settlement.

Based on a report by Dr. Lane B. Cook, a physician appointed by the board to examine appellee, the board ordered him to submit to an operation, and awarded him compensation at the rate of $13.85 per week, for a period of 26 weeks, to begin on the date of the operation. Appellee was dissatisfied with this award and appealed to the District Court, praying for a lump sum settlement. The case was tried to a jury and resulted in a verdict finding that he was permanently and totally disabled, as a result of the accident, other than by hernia, and awarding a lump sum settlement, based on a weekly compensation of $13.85 for 401 weeks. On this verdict a

judgment was entered for $4,462.23. Error is assigned to the overruling of a motion for a directed verdict at the close of all the evidence.

On the trial of the case appellant demanded that appellee submit to an operation, and he refused. At the request of appellant, appellee was examined by Doctors Puckett and Gist, appointed by the court. Six doctors testified on behalf of defendant, as follows. Dr. Prince made an X-ray examination and found no injury to appellee's spine, and did not believe that he had any condition that would prevent manual labor. Dr. Marsalias found his heart and blood pressure normal; that he had pyorrhea and no other ailment except the hernia, and thought that he would be entirely relieved if operated on for the hernia and had his teeth pulled. Dr. Lumpkin found appellee sound except for the hernia and pyorrhea. Dr. McKean had treated appellee in his hospital at Pampa, Tex., at which time he was suffering from hernia. Appellee made no complaint that his back was injured. The doctor did not consider that appellee needed an operation at that time, and thought a truss would correct the hernia. Dr. Puckett testified that he did not find appellee suffering with any chronic disease except pyorrhea; that his heart was normal, and that appellee was not in any physical condition that would render it unsafe to perform an operation on him for hernia, and he could see no reason why an operation should not be performed successfully. Dr. Gist examined appellee's urine, lungs, heart, hernia, throat, and teeth, found that his urine was negative, his heart was sound, and said that in his opinion it would not be more than ordinarily unsafe to perform an operation on appellee for hernia; that his heart would stand a general anesthetic; that he found no evidence of any chronic disease except bad teeth and tonsils.

As opposed to the testimony of these six doctors there is only the testimony of Dr. L. B. Cook, presumably the same physician who made the report to the board. The condensed narrative statement of Dr. Cook's testimony takes up 16 pages of the printed transcript. He indulged in much medical discussion, but his material testimony may be briefly summarized. He gave as his opinion that it would have been more than ordinarily unsafe to operate on appellee for the hernia because of his general condition, but also stated that if the hernia could be removed appellee would probably get considerably better; that he thought an operation would not be successful and it would be more than ordinarily unsafe because a general anesthetic is usually hazardous and unsafe, and any person undergoing a general anesthetic is taking a chance of dying of the anesthetic; that it was difficult to get proper anesthesia by local anesthetics or lumbar anesthesia. He testified that appellee is totally and permanently incapacitated, but it is evident from his testimony that this condition is attributable to the hernia.

It is an elementary rule of practice in federal courts that it is the duty of the court to direct a verdict in favor of a party where the evidence so clearly preponderates in his favor that the court, in the exercise of sound judicial discretion, would be obliged to grant a new trial if the jury should decide in favor of the other party. All the medical evidence, except that of Dr. Cook, tends strongly to show that appellee had nothing the matter with him except pyorrhea, not attributable to the accident, and hernia, which condition could be relieved by an operation not ordinarily unsafe to perform. Dr. Cook's positive statement that an operation would be more than ordinarily unsafe is evidently based merely upon the possibility that the administration of a general anesthetic would be dangerous. He gives no other reasons, and in the course of his lengthy testimony he makes no reference to the condition of appellee's heart, the only organ usually affected by general anesthesia. Considering that other material testimony tends to show that appellee's heart was in good shape, and that an operation would not have been more than ordinarily dangerous, we think the evidence so clearly preponderates in favor of appellant that it was entitled to the general affirmative charge, as under the plain provisions of the law appellee was not entitled to a lump sum settlement based on a weekly allowance for 401 weeks, but was limited to the specific recovery for disability caused by hernia. Texas Employers' Ins. Ass'n v. Lemons (Tex. Civ. App.) 33 S.W.(2d) 251.

Other errors assigned require no discussion.

Reversed and remanded.