## REID v. MARYLAND CASUALTY CO.

### No. 6683.

Circuit Court of Appeals, Fifth Circuit.

Jan. 25, 1933.

C. W. Howth and Elton Cruse, both of Beaumont, Tex., for appellant.

Chas. D. Smith, of Beaumont, Tex., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant brought this suit claiming that his brother, Joe Reid, had died under circumstances entitling his beneficiaries to compensation, and that he was, under section 8a of the Workmen's Compensation Act of

Texas (Rev. St. 1925, art. 8306), entitled as a dependent brother, to recover it.[1]

Appellee, denying all liability, alleged that the deceased died as the result, not of an accident sustained in the course of his employment, but of disease, and further specifically denying liability to plaintiff, asserted that plaintiff was not dependent on deceased, and that deceased left a wife surviving him. Appellee did not allege that the wife was "one who had not at the time of the injury without good cause, and for a period of three years prior thereto abandoned her husband"; plaintiff, however, in reply affirmatively alleged that she was not, and further alleged that by failing to file her claim, the wife had waived it.

■ Plaintiff's evidence, if believed, made out a case entitling him to recover. It was to the effect that his brother received an injury which either in itself, or in conjunction with a diseased condition, caused his death, Norwich Union Indemnity Co. v. Smith (Tex. Com. App.) 12 S.W.(2d) 558; Williams v. Lumbermen's Reciprocal Ass'n (Tex. Civ. App.) 18 S.W.(2d) 1093; Millers' Indemnity Underwriters v. Schrieber (Tex. Civ. App.) 240 S. W. 963, and that plaintiff was at least partially dependent on his brother for support. Southern Surety Co. v. Hibbs (Tex. Civ. App.) 221 S. W. 303; Millers' Indemnity Underwriters v. Green (Tex. Civ. App.) 237 S. W. 979; Consolidated Underwriters v. Free (Tex. Civ. App.) 253 S. W. 941; Southern Surety Co. v. Weaver (Tex. Com. App.) 273 S. W. 838. He was one of those for whose "sole and exclusive benefit" the compensation payable on death was provided, and while, since compensation passes as community property [Sanchez v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 51 S.W.(2d) 818; Texas Employers' Ins. Ass'n v. Wylie (Tex. Civ. App.) 19 S.W.(2d) 595, 596] had it been established that deceased left surviving him a wife who "had not at the time of the injury without good cause and for a period of three years prior thereto abandoned him" plaintiff could not have recovered, the evidence failed to establish this fact as a matter of law, and at best for defendant, made it an issue of fact for the jury [Green v. Green (Tex. Civ. App.) 235 S. W. 980, 981]. Besides, the record contains no indication that the wife was claiming, and some of the Texas cases seem to indicate that in such case her portion goes to the other beneficiaries. Sanchez v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 51 S.W.(2d) 818; Southern Surety Co. v. Weaver (Tex. Com. App.) 273 S. W. 838; Texas Employers' Ins. Ass'n v. Wylie (Tex. Civ. App.) 19 S.W. (2d) 595, 596; Texas Employers' Ins. Ass'n v. Boudreaux (Tex. Com. App.) 231 S. W. 756.

■■ At the close of plaintiff's case defendant moved for a verdict, and the plaintiff asked leave to reopen the case for additional testimony. The District Judge, stating that plaintiff impressed him as a man who would not tell the truth, but rather as one who colored his testimony to meet the exigencies of his case, and that the court would be duty bound to and would set aside as unsupported by the evidence a verdict in his favor should the jury return one, denied plaintiff's motion and granted defendant's. This appeal presents the single question whether the District Judge was right in his view, that since he disbelieved plaintiff's testimony, and had made his mind up that if plaintiff had a verdict he would not let it stand, he had the right to withdraw the case from the jury and himself determine the credibility of the witnesses.

We think it beyond question that he was not. District Judges are pronouncing no mere rigmarole when, in law cases, they charge jurors that they are the sole and exclusive judges of the credibility of the witnesses, and the weight to be given to their testimony. They are setting forth the very substance of a jury trial as guaranteed by the Seventh Amendment to the Constitution. Its purpose and aim "is not to preserve mere matters of form and procedure, but substance of right. This requires that questions of fact in common-law actions shall be settled by a jury, and that the court shall not assume, directly or indirectly, to take from the jury or to itself such prerogative." Walker v. New Mexico & S. P. R. Co., 165 U. S. 593, 17

---

[1] "Sec. 8a. The compensation provided for in the foregoing section of this law shall be for the sole and exclusive benefit of the surviving husband, who has not for good cause and for a period of three years prior thereto abandoned his wife at the time of the injury, and of the wife who has not at the time of the injury without good cause and for a period of three years thereto, abandoned her husband, and of the minor children, parents and stepmother, without regard to the question of dependency, dependent grandparents, dependent children and dependent brothers and sisters of the deceased employee; and the amount recovered thereunder shall not be liable for the debts of the deceased nor the debts of the beneficiary or beneficiaries and shall be distributed among the beneficiaries as may be entitled to the same as hereinbefore provided, according to the laws of descent and distribution of this State; provided the right in such beneficiary or beneficiaries to recover compensation for death be determined by the facts that exist at the date of the death of the deceased, and that said right be a complete, absolute and vested one."

S. Ct. 421, 422, 41 L. Ed. 837. It requires that except in cases where the evidence is such that reasonable minds can draw only one conclusion from it upon the issues, cases tried to a jury must go to a jury for their verdict. Especially is this so where, as here, the case turns upon the credibility of the witnesses.

■ Appellee cites our case, Long v. American Ry. Express Co., 30 F.(2d) 571, as supporting the action of the District Judge. It does not do so. It correctly though briefly states the rule quoted in Barrett v. Virginian Ry. Co., 250 U. S. 476, 39 S. Ct. 540, 63 L. Ed. 1092, from Bowditch v. Boston, 101 U. S. 16, 25 L. Ed. 980, which it cites.[2] This rule authorizes a District Judge to instruct a verdict for one party where the other party would not, under the view of the evidence most favorable to him, be entitled to a verdict. It does not give the District Judge warrant to pass upon the credibility of the witnesses or the weight of their testimony.[3]

Patton v. T. & P. R. Co., 179 U. S. 659, 21 S. Ct. 275, 45 L. Ed. 361, sustaining the action of the District Judge in instructing a verdict for want of evidence to support an inference of negligence, makes a clear and fine statement of the considerations which should guide a judge in determining whether he should instruct a verdict. It declares that he should do so only when there is no excuse for a verdict save in favor of one party.

A District Judge in the conduct of a common law trial in the Federal court has two separate and distinct functions, each equally vital to the just conduct of such trial, each separate and distinct from the other. One, his function before verdict, to determine whether there is any evidence to carry the case, or any issue in it, to the jury. This function requires him to submit every disputed issue to them. That is, every issue in regard to which reasonable minds might draw different conclusions, and to refuse to submit to them issues on which there is no evidence, that is, issues as to the result of which reasonable minds cannot disagree. The other, his function after verdict, to refuse in the exercise of his discretion, to permit a verdict to stand which, though supported by evidence, is in his opinion against the right and justice of the case.

We undertook in Howard v. La. & A. Ry. Co., 49 F.(2d) 571 to carefully point this out. In Woodward v. Atl. Coast Line Ry., 57 F.(2d) 1019, we reaffirmed the views there expressed. What we said in Maryland Casualty Co. v. Crofford, 55 F.(2d) 576, 577, as to the duty of a court to direct a verdict must be read in the light of the holding in that case, and of its particular facts. It was intended there to say not that a District Judge might determine the weight of the evidence, that is, where the preponderance of it lay, but that testimony in its nature incredible, that is, given under such circumstances and tending to such purport as that reasonable minds could not credit it, or if they credited it could not draw a firm conclusion from it, made no issue for the jury, and the District Judge should say so. Crume's Case (C. C. A.) 54 F.(2d) 556, was such a case. We reversed it for failure of the court to instruct a verdict for want of credible evidence tending to establish plaintiff's contention.

On the former trial of this case twelve jurors believed plaintiff's testimony. The fact that the District Judge set the verdict aside because he did not believe the testimony, that he had made up his mind to do so again, and that it appeared futile to him to submit the case to a jury only to set the verdict aside, did not warrant him in depriving the plaintiff of his constitutional right to a jury trial. These circumstances did require him, and us, in reviewing his action, to consider most care-

---

[2] "Whenever, in the trial of a civil case, it is clear that the state of the evidence is such as not to warrant a verdict for a party, and that if such a verdict were rendered the other party would be entitled to a new trial, it is the right and duty of the judge to direct the jury to find according to the views of the court." Bowditch v. Boston, 101 U. S. 16, 18, 25 L. Ed. 980.

[3] "Issues that depend on the credibility of witnesses, and the effect or weight of evidence are to be decided by the jury. * * * Where uncertainty * * * arises from a conflict in the testimony, or because the facts being undisputed, fair-minded men will honestly draw different conclusions from them, the question is not one of law but of fact, to be settled by the jury." Gunning v. Cooley, 281 U. S. 90, 50 S. Ct. 231, 233, 74 L. Ed. 720.

"There is no doubt of the power of the circuit court to direct a verdict for the plaintiff upon the evidence presented in a cause, where it is clear that he is entitled to recover, and no matter affecting his claim is left in doubt to be determined." North Pennsylvania R. R. v. Commercial Nat. Bank of Chicago, 123 U. S. 734, 8 S. Ct. 266, 269, 31 L. Ed. 287.

"But it is well settled that the court may withdraw a case from them [the jury] altogether, and direct a verdict for the plaintiff or the defendant, as the one or the other may be proper, where the evidence is undisputed, or is of such conclusive character that the court, in the exercise of a sound judicial discretion, would be compelled to set aside a verdict returned in opposition to it. * * * If the evidence was so conclusive against the defendant upon the question of its negligence that the jury could not reasonably find to the contrary, it was competent for the court * * * to so instruct them. * * * The inquiry, therefore, is whether the court erred in holding, as matter of law, under the evidence, that the defendant was guilty of negligence." Delaware, L. & W. R. R. v. Converse, 139 U. S. 472, 11 S. Ct. 569, 570, 35 L. Ed. 213.

fully whether there was any evidence to support a verdict for plaintiff, whether the case was one on which reasonable minds could not disagree. Patton v. T. & P. Ry., 179 U. S. 659, 21 S. Ct. 275, 45 L. Ed. 361. This is not such a case. This is a case in which plaintiff's evidence, in the light of the state, condition and circumstances of the parties and witnesses, might or might not be credited, according to the view of it which the triers took. Such a case requires a jury verdict.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.