## MERRITT v. AMERICAN MUT. LIABILITY INS. CO.

### No. 7056.

Circuit Court of Appeals, Fifth Circuit.
Dec. 15, 1933.

778

Ewing Werlein, of Houston, Tex., for appellant.

L. W. Morris, of Houston, Tex., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

This is an action under the Workmen's Compensation Law of Texas (Rev. St. Tex. 1925, art. 8306 et seq. as amended), brought by an employee against the employer's insurance carrier to recover compensation for a personal injury sustained in the course of his employment. The petition as amended was dismissed on demurrer; and so on this appeal by the employee the allegations of fact as he makes them are to be accepted as true. The original petition alleged that as a result of an elevator accident appellant was ruptured and his hand was injured. It further alleged the submission and partial rejection of a claim for compensation filed before the Industrial Accident Board within six months after the accident, in accordance with the act, Revised Civil Statutes, art. 8307, § 4a; and a timely appeal from the board's decision to the trial court. The petition was so amended as to allege that, after bringing suit, and a year or more after the accident, and as. a result of it, appellant gradually lost the sight of both eyes until finally he became totally blind. Appellant, although he did not withdraw the allegations as to rupture and injury to his hand, abandoned any claim for compensation on account thereof and sought compensation only for the loss of sight. The District Judge dismissed the petition, because in his opinion the claim for blindness could not be considered by the Industrial Accident Board after an appeal had been taken to the court; and could not be entertained by the court because it was without jurisdiction to consider a claim that had not been submitted to the board. In short, it was held in effect that the claim for blindness was a new cause of action.

In our opinion it was not. The cause of action was the industrial accident. The rupture, the injured hand, and the loss of sight were but results of the same accident. The circumstance that two of these results manifested themselves immediately, and the remaining one developed slowly, cannot in reason or law be said to give rise to two or more causes of action. But for the Workmen's Compensation Law appellant would have had the right as a matter of course to amend his petition in the manner here sought. I. & G. N. Ry. Co. v. Irvine, 64 Tex. 529; I. & G. N. Ry. Co. v. Pape, 73 Tex. 501, 11 S. W. 526. The act is entitled to a liberal construction, because it is not only in derogation of the common law, but is designed to substitute a method considered by the Legislature to be fairer and more just to injured employees. Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084; McClure v. Georgia Casualty Co. (Tex. Com. App.) 251 S. W. 800. Under it a Court of Civil Appeals in an able opinion has held that it is not necessary to the court's jurisdiction to disclose before the Industrial Accident Board the full extent of the injury, but that results which are unknown when the board makes its award, and develop after the court has acquired jurisdiction, may be alleged by amendment for the first time in court. Choate v. Hartford Accident & Indemnity Co. (Tex. Civ. App.) 54 S.W.(2d) 901. We think this is a just conclusion and one in conformity with the purposes of the act. It was not intended by this legislation to deprive an employee of a recovery to which he was theretofore entitled, but rather the intention was to provide compensation in cases where recovery for injury could not be had under the more harsh rules of the common law. The procedure under the act is sim-

ple. Claims for injury must be filed before the Industrial Accident Board. Any interested party who is unwilling to abide by the board's final award may give notice and file suit in court to set the order aside. The trial in the court is de novo. Article 8307, § 5 (as amended by Acts 1931, c. 224, § 1, Vernon's Ann. Civ. St. art. 8307, § 5). The amendment alleging blindness could have been made before the board if the loss of sight had occurred before the making of an award. The court upon removal or appeal had the same power to allow the amendment as the board would have had if the claim had remained before it. For the court, the trial before it being de novo, has the power to do complete justice in the case as fully as it has in a case brought before it in the first instance, or would have if there were no Workmen's Compensation Law.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.