**MARYLAND CASUALTY CO. v. GERLASKE
et al.
No. 6932.**

Circuit Court of Appeals, Fifth Circuit.
Jan. 12, 1934.

Chas. D. Smith and A. H. Boyd, both of Beaumont, Tex., for appellant.

Elton Cruse and M. G. Adams, both of Beaumont, Tex., for appellees.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

HUTCHESON, Circuit Judge.

When, on February 28, 1929, Steve Gerlaske, a diver, was drawn up out of deep water where he had been submerged for a considerable time setting piling, he was found to be, as the result of a profound shock sustained in the course of the work he was doing, in a highly critical condition. He never recovered from this shock, and, after a few months helpless lingering, he died from it. Before he died, he filed with the Industrial Accident Board on the forms they provided, a notice to John Jacobson, his employer, and the Maryland Casualty Company, with whom Jacobson was insured, of his injury and a claim for compensation.

This claim identified the occurrence and declared with regard to it that, after staying in the very cold waters of the Neches for forty-five minutes, he was suffering from the cold, and, when pulled back to the surface, could not remove his helmet from his head. He described his injuries as severe and disabling heart and respiratory troubles causing great weakness and infirmity and preventing his sleeping at night, and his lying down at any time without a feeling and danger of smothering to death. About two months afterward, he died. On July 29th his widow filed an amplifying statement with the board in regard to the occurrence. This advised of his death and stated that her husband had received an injury while working on the bottom of the Neches river and that after being pulled out he had come immediately home and she had removed his clothes and put him to bed; that he was suffering with smothering spells and with his heart; and that the condition continued until his death.

The board dismissed the claim, holding that Gerlaske's death had not been shown to have been caused by an industrial accident, but had been shown to have been due to natural causes. Claimants, dissatisfied with the award, filed this suit in the state court, alleging a long period of submergence in the icy waters of the Neches in the course of his work and an extreme chilling and numbing in consequence. That this had resulted in aortic regurgitation, a disease of the largest blood vessel, and injury to his heart, lungs, and other organs causing him to be confined to his bed because of great debility, heart trouble, and smothering spells, until he died from them. That these conditions were due to the physical shock he had received, and that they caused chemical and physical changes in his blood vessels, heart, and lungs, and impaired and prevented the natural functioning of his vital organs. Removed to the federal court, it was twice tried there, once resulting in a mistrial. At both trials plaintiffs insisted and offered evidence to establish that Gerlaske's death was from caisson or diver's disease, the result of too rapid decompression of the air in his lungs by being drawn out of the water too rapidly. On the trial from which this appeal comes, defendant objected throughout to this evidence on the ground that it was not within the scope of the pleading; objected to the court's permitting a trial amendment conforming the pleading to the proof in this regard, and requested charges directing the jury to disregard the evidence because constituting a variance. At no time, however, was objection ever made, or was any error assigned, on the ground that the court was without jurisdiction to hear the claim because it was a new cause of action, and had not been presented to the board. When all the evidence was in, defendant moved for a directed verdict. It comes here complaining of the refusal to give that direction, but it complains principally of the action of the court in first admitting, over objection that it was not pleaded, the evidence in regard to caisson or diver's disease, and in later permitting the plaintiff, after all the evidence was in, to file a trial amendment conforming the pleading to the proof. It seeks also to make for the first time here, the point not made below, that the cause pleaded by the trial amendment is a different cause of action from that presented to the board, and is therefore one of which the court did not have jurisdiction.

The point it makes on the motion to instruct is that the evidence establishes that Gerlaske's death was not the result of an industrial accident, but of a disease, syphilis, aggravated and made active by cold and exposure, a usual incident of his regular occupation.

We find no reversible error.

A careful examination of the evidence convinces us that it amply supports the finding of the jury that Gerlaske received an accidental injury within the meaning of the compensation statutes (Vernon's Ann. Civ. St. Tex. art. 8306 et seq.) which either in itself, or in conjunction with a diseased condition, caused his death. Reid v. Maryland Casualty Co. (C. C. A.) 63 F.(2d) 10. We think it perfectly clear too that the court did not abuse its discretion in permitting the trial amendment to be filed. No request for continuance was presented, no claim of surprise was made nor could be, for defendant came to the trial prepared to, and it did, offer testimony on the issue. It objected not on the ground that it had not had an opportunity, for surprise, to meet the evidence offered on the issue, but on the mere ground that it had not been pleaded. Under such circumstances, if the court deemed the amendment necessary to support the proof, it was its duty to permit its filing, and, since it appears that the court was about to strike the evidence out for want of pleading, it is clear that it would have been an abuse of its discretion not to permit the amendment. Clark, Code Pleading, § 115. This is the rule in Texas; it is the rule in the federal courts.

■ It remains only to consider the point appellant makes against the judgment, that it was based on a cause of action of which, since it was not presented to the board, the court did not have jurisdiction.

Because a proceeding of this kind goes not on the considerations which attend the exercise by courts of their general jurisdiction, but on those attending the exercise of a special and strictly limited one, and jurisdiction may not therefore be presumed, but must be made to appear, Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, 1085; Oilmen's Reciprocal Ass'n v. Franklin, 116 Tex. 59, 286 S. W. 195, even where the attack is a collateral one; Cunningham v. Robison, 104 Tex. 227, 136 S. W. 441, we put aside the contention that since appellant did not urge this point in the district court, nor assign error on it, it must be regarded here as waived, and treat the point as a claim of fundamental error. So treating it, we do not find it meritorious, for we think it clear that the amendment did not set up a new cause of action. In Merritt v. American Mutual Liability Ins. Co., 67 F.(2d) 777, we have had recent occasion to consider court amendments of claims presented to the board. We held there, upon full consideration, that the cause of action under the compensation statute is the industrial accident, that is, the occurrence which gives rise to the compensable injury. We there enlarged upon the remedial character of the Texas compensation statutes, the simple and informal nature of proceedings before the board, and the wide latitude allowed to amendments. Further examination of the state of the law but confirms the views we there expressed.

■ Tenaciously as the ideas engendered by the strictness and precision of common-law pleadings have hung on in states which have provided by statute for simplified pleading, inveterate as has been the hang for dialectical solutions, and slow as has been the progress toward full recognition of that liberty in pleading which the adoption of Code pleadings was designed to bring about,[1] it is coming to be settled law, certainly in Texas and in the federal courts, that a cause of action is, broadly speaking, the occurrence which gave the litigation rise, and that, if it is set out sufficiently to identify it, it may be freely made more specific by amendment.[2]

[1] Clark, "Code Pleading," pp. 75 to 87.
[2] Clark, "Code Pleading," pp. 501 to 520.

■■ It is especially true that in proceedings administrative in their nature and origin great liberality of amendment is allowed. United States v. Memphis Cotton Oil Co., 288 U. S. 62, 53 S. Ct. 278, 77 L. Ed. 619; Bemis Bros. Bag Co. v. United States, 289 U. S. 28, 53 S. Ct. 454, 77 L. Ed. 1011. The decisions of the Texas courts make it clear that, while it is essential to the jurisdiction of the court trying a compensation claim that the cause of action asserted there must first have been pressed before the board, Mingus v. Wadley, supra, the cause of action is not considered to be the grounds or reason for the claim, but the industrial accident itself, embracing in it all the circumstances of and the consequences flowing from it, whether or not they have been fully stated to the board. "The essential jurisdictional fact to maintain his [claimant's] appeal, under Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, is the identity of the injury upon which he bases his cause of action with the injury adjudicated by the Board." Texas Indemnity Ins. Co. v. White (Tex. Civ. App.) 37 S.W.(2d) 277, 278. Other Texas cases affirming and applying the rule that great liberality of amendment is allowed so long as the identity of the occurrence with that presented to the board is preserved and made clear, are Texas Indemnity Ins. Co. v. Bridges (Tex. Civ. App.) 52 S.W.(2d) 1075; New Amsterdam Cas. Co. v. Harrington (Tex. Civ. App.) 283 S. W. 261; Ætna Life Ins. Co. v. Culvahouse (Tex. Civ. App.) 10 S.W.(2d) 803; Choate v. Hartford Accident & Indemnity Co. (Tex. Civ. App.) 54 S.W. (2d) 901.

■ Appellee moves for and urges upon us the assessment of the 10 per cent. penalty provided for appeals brought only for delay (Vernon's Ann. Civ. St. Tex. art. 1860). The motion must be denied, for though it appears to us to be clear that appellant's positions are unfounded, it appears equally clear to us, from a reading of their 217-page brief, that appellant's counsel are most earnest and sincere in believing them not to be. In fact, so sure are we that appellant's counsel believe its appeal well founded, that we are certain that despite this opinion, "convinced against their will" they are "of the same opinion still."

The judgment is affirmed with costs, but without damages.