## BRODTMANN et al. v. ZURICH GENERAL ACCIDENT & LIABILITY INS. CO., LIMITED.*

No. 8399.

Circuit Court of Appeals, Fifth Circuit.

May 22, 1937.

Rehearing Denied June 14, 1937.

John L. Bell, of Beaumont, Tex., for appellant.

Major T. Bell and John G. Tucker, both of Beaumont, Tex., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was under the Texas Workmen's Compensation Act (Vernon's Ann.

*Rehearing denied June 14, 1937.

2

Civ.St.Tex. art. 8306 et seq.). The claim was that Brodtmann had died as the result of heart strain from carrying a heavy weight. The defense was (a) that the evidence was insufficient to show that Brodtmann's death was from an industrial accident, rather than from natural causes, and (b) if there was an industrial accident, it occurred from work being done on a boat, and there was no sufficient evidence to show that it occurred on land and without the admiralty jurisdiction.

At the conclusion of the evidence, which showed that Brodtmann had for some time had a heart condition which might result seriously, especially if aggravated by any physical strain; that in August, 1935, doctors had advised him that he ought to quit work and rest; that in October, 1935, he had had a heart attack similar to but not as serious as the one from which he died in December of that year; that just before the fatal attack he had gotten a worm gear, weighing around 70 pounds, from the boat, and had carried it on his shoulder for 125 to 150 yards from the boat to the shop; and that just after he had put it down in the shop he had succumbed to the attack from which he died, the District Judge instructed a verdict for the defendant.[1] This appeal tests whether that action was demanded.

■ We do not think it was. We agree with appellants that the evidence, circumstantial in part though it was, made out a case for a jury verdict upon whether within the meaning and jurisdiction of the Texas Workmen's Compensation Act, appellants' decedent suffered an injury, that is, damage or harm to the physical structure of his body. The view taken by the District Judge and urged upon us by appellee here, that claimants' case failed for want of proof, seems to us to have too much of fact finding in it. As we see the case, while it is quite clear that the evidence does not compel a verdict for claimants, it is equally clear that it permits one. The facts and circumstances on which appellants depend for a verdict are consistent with each other, and taken as a whole, they clearly support the inference that Brodtmann's weakened heart made him peculiarly susceptible to damage or harm to the physical structure

of that organ from any sudden or violent exertion or strain.

■ They make out a case, taken most favorably for claimants, of an employee who, because of an existing disability, was liable to heart injury from strains and exertions which would not have been injurious to an ordinary employee. They make out a case for the jury within the general proposition, well recognized under the Texas Workmen's Compensation Law, of an accidental injury which is none the less compensable because the pre-existence of a diseased condition has made serious or fatal what would not otherwise have been so. Texas Employers' Insurance Association v. McGrady (Tex.Civ.App.) 296 S.W. 920; Theago v. Royal Indemnity Insurance Co. (Tex.Civ.App.) 70 S.W.(2d) 473; Travelers Insurance Co. v. Johnson (Tex.Civ.App.) 84 S.W.(2d) 354; Security Mutual Casualty Co. v. Bolton (Tex.Civ.App.) 84 S.W.(2d) 552; Fidelity Union Casualty Co. v. Martin (Tex.Civ.App.) 45 S.W.(2d) 682; Texas Employers Ins. Ass'n v. Shifflette (Tex.Civ.App.) 91 S.W.(2d) 787; Reid v. Maryland Casualty Co. (C.C.A.) 63 F.(2d) 10.

We do not understand that appellee disputes this general proposition. Its real position is that there is no direct testimony that there was any physical injury to the heart, none that the carrying of the weight caused the injury, and that the circumstances, instead of definitely pointing to the weight carrying as the cause of the injury, leave the matter in such obscurity and doubt as that the jury may not find that, but must only conjecture whether, the weight carrying was the cause of it. It points too, to the fact that the undisputed proof shows that the lifting of the weight, the beginning and a part of its carrying, occurred on the boat, and that no one testifies to just when, if it was the cause, the weight carrying took fatal effect. It insists that this leaves claimants' case as to the occurrence of the injury on land and within the Texas act, in equally fatal doubt and obscurity.

■ We do not think so. It is true that since there was no autopsy, there is no positive and direct ocular evidence as to the physical condition of the heart. It is true, too, that no one testified directly that the

[1] In doing so he said, "I see no evidence of accidental cause for this man's death, and further, if it could by any stretch of the imagination be deemed a death caused by accidental injury, or injury of any kind within the meaning of the Act, it occurred exclusively within the admiralty jurisdiction."

carrying of the weight actually brought on the condition which caused death, and that no one testified directly to just when or where, if caused by the strain of lifting, the injury took effect. But we think it equally true that the positive, uncontradicted testimony that Brodtmann had a weakened heart condition, that rest had been prescribed for him, that any unusual exertion or strain was likely to seriously affect him, and the evidence as to the beginning and end of the weight carrying in question, furnish ample basis for a jury verdict. A verdict finding, upon all the evidence, whether appellants have shown, or have failed to show by a preponderance of it, that the decedent sustained a physical injury to his heart from the physical strain of carrying the weight in question, and that this strain took effect and caused the fatal injury, not on the boat, but in the shop on land. The harm to the physical structure of the body which the statute requires does not have to be external or visible, nor must it be established by direct evidence. It may be, and it usually is, as in the authorities above cited, established by circumstances pointing to an internal rupture or physical disturbance with sufficient definiteness to support a reasonable, commonsense conclusion that harm has occurred.

Additional cases giving the statute that construction are Maryland Casualty Co. v. Gerlaske (C.C.A.) 68 F.(2d) 497, 498, and Hicks v. Georgia Casualty Co. (C. C.A.) 63 F.(2d) 157.

For the error in instructing a verdict, the judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

Reversed and remanded.